UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIE WHITE, JR., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:13-cv-00914-JMS-TAB |
| | ) | |
| CAROLYN W. COLVIN, *Acting Commissioner* | ) | |
| *of Social Security Administration*, | ) | |
|     *Defendant.* | ) | |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Willie White, Jr. applied for a period of disability and disability insurance benefits on January 28, 2010, and supplemental security income on April 15, 2010, from the Social Security Administration ("SSA"). After a series of administrative proceedings and appeals, including a hearing in December 2011 before Administrative Law Judge ("ALJ") Blanca B. de la Torre, the ALJ determined that Mr. White was not entitled to benefits. In April 2013, the Appeals Council denied Mr. White's request for a review of the ALJ's decision, rendering that decision the final decision of the Defendant, Commissioner of the Social Security Administration ("the Commissioner"), for the purposes of judicial review. *See* 20 C.F.R. § 404.981. Mr. White then filed this action under 42 U.S.C. § 405(g), requesting that the Court review the Commissioner's denial.

### I.
### STANDARD OF REVIEW

The Court's role in this action is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court *must* affirm the denial of benefits. Otherwise the Court will remand the matter back to the SSA for further consideration; only in rare cases can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

> To evaluate a disability claim, an ALJ must use the following five-step inquiry:
>
> (1) [is] the claimant…currently employed, (2) [does] the claimant ha[ve] a severe impairment, (3) [is] the claimant's impairment…one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment,…can [he] perform h[is] past relevant work, and (5) is the claimant…capable of performing any work in the national economy[?]

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted). After Step Three, but before Step Four, the ALJ must determine a claimant's RFC, which represents the claimant's physical and mental abilities considering all of the claimant's impairments. The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e).

## II.
### BACKGROUND

Mr. White was fifty-six years old at the time of his disability hearing. [Dkt. 14-2 at 43.] At the hearing, Mr. White testified regarding his medical history and employment history, including that his most recent employment was with Tyson Meats in 2008, where he worked on the

loin line cutting meat and moving it between conveyor belts. [*Id.* at 45, 48.] The ALJ also had a vocational expert ("VE") testify at the hearing regarding Ms. White's ability to perform certain jobs. [*Id.* at 63-66.]

Using the five-step sequential evaluation set forth by the SSA, the ALJ issued an opinion on February 13, 2012. [*Id.* at 23-31.] The ALJ found as follows:

- At Step One, the ALJ found that Mr. White did not engage in substantial gainful activity[1] since the alleged onset date of his disability, September 1, 2008. [*Id.* at 25.]

- At Step Two, the ALJ found that Mr. White suffered from the following severe impairments: hypertension and obesity. [*Id.*]

- At Step Three, the ALJ found that Mr. White's severe impairments did not meet or medically equal one of the listed impairments. [*Id.* at 25-26.] The ALJ concluded that Mr. White had the residual functional capacity ("RFC") to perform a limited range of medium work.[2] [*Id.* at 26.] The ALJ explained Mr. White's specific limitations as follows: "he can lift/carry 50 pounds occasionally and 25 pounds frequently. [He] can sit/stand/walk for 2 hours each at a time and for 6 hours total in the 8-hour workday. He can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can frequently balance, stoop, crouch, kneel, and crawl. Due to complaints of lightheadedness, [he] must avoid concentrated exposure to hazards such as unprotected heights and dangerous moving machinery." [*Id.*]

- At Step Four, the ALJ found that Mr. White is capable of performing his past relevant work as a meat product laborer. [*Id.* at 29.]

- At Step Five, the ALJ found in the alternative that Mr. White could perform other jobs existing in the national economy such as a laundry bundler, packager, or dishwasher. [*Id.* at 30-31.]

Based on these findings, the ALJ concluded that Mr. White was not disabled and thus not entitled to a period of disability and disability insurance benefits or supplemental security in-

---

[1] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a) and § 416.972(a).

[2] Medium work is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

come. [*Id.* at 31.] Mr. White sought review of the ALJ's decision from the Appeals Council. [*Id.* at 17.] The Appeals Council denied his request for review on April 1, 2013. [*Id.* at 2-4.] Mr. White's appeal from that decision is now before this Court.

### III.
#### DISCUSSION

Mr. White raises only one issue on appeal. He contends that the hypothetical the ALJ posed to the VE did not include all of his RFC limitations, and thus the ALJ improperly relied on the VE's conclusions based on that erroneous hypothetical—namely, that he could perform his past relevant work and other jobs existing in the national economy. [Dkt. 16 at 8-11.] As the Commissioner acknowledges, [dkt. 19 at 3], Mr. White is correct that the ALJ's hypothetical to the VE did not include all of his RFC limitations.

> The ALJ presented the following hypothetical to the VE:
>
> Let's assume a hypothetical claimant of [Mr. White's] age, education, work experience who can lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently; sit for two hours at a time for a total of six in the eight-hour workday; stand for two hours at a time for a total of six in the eight-hour workday; and walk for two hours at a time for a total of six in the eight-hour workday. The individual should never climb stairs, ramps, balance, stoop, crouch, kneel, and crawl. And I would preclude concentrated exposure of unprotected heights due to the complaints of dizziness. Within those parameters could the hypothetical claimant perform any of the past relevant work?

[Dkt. 14-2 at 65.] The VE responded that the hypothetical claimant could perform Mr. White's past work as a meat product laborer, as well as other jobs in the regional and national economy such as a laundry bundler, packager, or dishwasher. [*Id.*] As Mr. White contends, the ALJ's hypothetical did not include the ALJ's RFC determination that he "must avoid concentrated exposure to hazards such as . . . dangerous moving machinery." [*Id.* at 26.]

"When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d

679, 684 (7th Cir. 2009); *see Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) ("Hypothetical questions posed to vocational experts ordinarily must include *all* limitations supported by medical evidence in the record." (emphasis in original)). "When the hypothetical question is fundamentally flawed because it is limited to the facts presented in the question and does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand." *Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004).

The parties do not dispute that the ALJ's hypothetical was flawed in that it did not include Mr. White's restriction from concentrated exposure to dangerous moving machinery. [*See* dkts. 16 at 9-10; 19 at 3-4.] They do dispute, however, whether this error would have altered the VE's testimony that Mr. White could perform his past work as a meat product laborer or other jobs existing in the national economy such as a laundry bundler, packager, or dishwasher. [Dkt. 14-2 at 29-31.] In other words, they dispute whether the ALJ's error was harmless.

Mr. White argues that the additional limitation regarding exposure to dangerous moving machinery "would clearly preclude [his] past relevant work" as a meat product laborer based on its description in the Dictionary of Occupational Titles ("DOT"). [Dkt. 16 at 10.] Further, he contends that, "[a]s to the jobs listed in the alternative step five finding, the testimony of a [VE] is required to determine if the additional limitations in the RFC would lessen the amount of jobs available or eliminate completely one or all of the jobs available." [*Id.*] The Commissioner responds that Mr. White fails to demonstrate that a meat product laborer undergoes "concentrated exposure to dangerous machinery." [Dkt. 19 at 4.] Moreover, says the Commissioner, "[e]ven if [Mr. White's] past relevant work was eliminated by the need to avoid concentrated exposure to dangerous machinery, [he] failed to demonstrate, or even argue, that such a limitation would

eliminate the other jobs the [VE] found he could perform." [*Id.*] Specifically, the Commissioner asserts that the DOT descriptions of a packager and dishwasher do not involve concentrated exposure to dangerous moving machinery. [*Id.*] Therefore, the Commissioner argues that the ALJ's error was harmless.[3]

Although the *Chenery* doctrine precludes the Commissioner from "defend[ing] the agency's decision on grounds that the agency itself did not embrace," *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012), "[t]he doctrine of harmless error . . . is applicable to judicial review of administrative decisions," *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Under harmless-error review, the Court can affirm the agency's decision "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record." *Id.*; *see Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013).

In light of the parties' arguments and the harmless-error standard, the Court must determine whether, had the ALJ properly included in his hypothetical that Mr. White cannot have concentrated exposure to dangerous moving machinery, the VE's testimony regarding whether Mr. White could perform various jobs would remain unchanged. The Court is unable to determine with great confidence that it would be so.

Both parties maintain that the DOT descriptions of the various jobs the VE testified Mr. White could perform clearly support their respective positions. For example, Mr. White points out that the DOT requires a meat product laborer to use certain machines. *See* DOT # 529.686-022, 1991 WL 674721 (describing the job of a meat product laborer as follows: "Feeds machine that shreds and presses pork into cutlets . . . . Dumps cut meat into feed hopper of machine that automatically shreds meat . . . ."). The Commissioner, on the other hand, points to the DOT de-

---

[3] Mr. White did not file a reply brief and thus did not specifically reply to the Commissioner's arguments.

scriptions of two of the other jobs the VE testified Mr. White could perform—a packager and a dishwasher—to argue that the DOT descriptions for these jobs "do not contain a requirement that the worker be exposed to dangerous machinery." [Dkt. 19 at 4.] But the DOT descriptions of these jobs require at least some exposure to or use of machines. *See* DOT # 920.687-134, 1991 WL 687994 (describing the job of a packager to include "working in warehouse or on harvesting machine in field"); DOT # 318.687-010, 1991 WL 672755 (describing the job of a dishwasher to include the use of a "bottle-crushing machine," a "conveyor," a "dishwashing machine," and a "handtruck"). The Commissioner does not even attempt to explain why such exposure to machinery would not conflict with Mr. White's RFC restriction that he must avoid "concentrated exposure to hazards such as . . . dangerous moving machinery." [Dkt. 14-2 at 26.] Simply put, although the Court may wonder whether these jobs actually require "concentrated exposure to dangerous moving machinery," the Court cannot state with great confidence that they do not and thus is unable to conclude that the error was harmless.

## IV.
### CONCLUSION

The Seventh Circuit has "stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's [RFC]." *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011). The parties agree that the ALJ failed to do so in this case, and the Court cannot conclude with "great confidence that the agency will reinstate its decision on remand." *Spiva*, 628 F.3d at 353.

For this reason, the Court **VACATES** the decision denying benefits and **REMANDS** this matter back to the SSA for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). Final judgment will enter accordingly.

01/28/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Charles Julian Myers
cmyers7943@sbcglobal.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov